*781 ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.*
This disciplinary matter arises from a petition for consent discipline filed prior to the institution of formal charges by respondent, Dale C.P. Cannizzaro, an attorney licensed to practice law in Louisiana, but currently on interim suspension.[1] The Office of Disciplinary Counsel (“ODC”) concurred in respondent’s petition, and the disciplinary board recommended the proposed consent discipline be accepted.
UNDERLYING FACTS
Raymond Mayeaux retained respondent to represent him in a personal injury matter. The case ultimately settled, and when respondent disbursed the settlement proceeds in December 1994, he retained $660 to pay a third-party medical provider. However, respondent failed to pay the medical provider promptly and failed to properly safeguard the funds he retained for that purpose. It was not until July 1997 that respondent paid his client’s medical expenses.
In an unrelated case, Elizabeth Theriot retained respondent to represent her in a child custody and DWI matter. Respondent failed to adequately communicate with Ms. Theriot. She eventually discharged respondent and retained new counsel.
1 ¡¿DISCIPLINARY PROCEEDINGS
Prior to the institution of formal charges, respondent filed a petition for consent discipline. He admitted the factual allegations of the two complaints and that his conduct violated Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), and 1.15 (safekeeping property of a client or third person) of the Rules of Professional Conduct. In a supporting memorandum, respondent explained that in 1994, during the period of time in which the complaints arose, he was devastated by the death of his twenty-two year old daughter, who was killed in an automobile accident. Additionally, in 1995, he began to lose his eyesight and experienced other medical problems resulting from complications from diabetes. For his misconduct, respondent proposed he be suspended from the practice of law for a period of ten months.
The ODC concurred in the petition, suggesting that a short suspension of less than a year was warranted because of the substantial mitigating factors.
Disciplinary Board Recommendation The disciplinary board found that respondent violated a duty owed to his client and the profession, and that his actions, while negligent, exposed his clients to potential injury. The board noted two aggravating factors, namely vulnerability of the victim and substantial experience in the practice of law (admitted 1971), but found several mitigating factors, including the absence of a prior disciplinary record, personal and emotional problems, remorse, and physical impairment. Relying on the 1 aABA’s Standards for Imposing Lawyer Sanctions[2] and the prior jurisprudence,[3] *782 the board concluded the proposed consent discipline should be accepted.
Accordingly, the board recommended that respondent be suspended from the practice of law for ten months, retroactive to the date of his interim suspension.
Neither respondent nor the ODC objected to the board’s recommendation.
DISCUSSION
Respondent has admitted that he violated the professional rules as set forth in the petition for consent discipline. Given the significant mitigating factors in this case, we find that a ten-month suspension from the practice of law is appropriate under the circumstances.
Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Dale C.P. Cannizzaro be suspended from the practice of law for a period of ten months, retroactive to the date of his interim suspension. All costs and expenses in the .matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Calogero, C.J., not on panel. Rule IV, Part II, § 3.

. In re: Cannizzaro, 99-0295 (La.2/10/99), 730 So.2d 872.

. Under Standard 4.12, suspension is appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client. Standard 4.42 suggests that suspension is appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client.

.The board noted three recent cases involving an attorney’s failure to promptly pay a third-party medical provider. In In re: Ditt-mer, 99-1653 (La.9/3/99), 743 So.2d 195, this *782 court approved a petition for consent discipline and suspended the respondent for six months, deferred, subject to one year of supervised probation. The mitigating factors included absence of dishonest or selfish motive, cooperative attitude toward the disciplinary proceedings, character and reputation, and remorse. In In re: Ford-Jones, 99-DB-002 (4/13/99), and In re: Browning, 98-DB-070 (5/25/99), the disciplinary board approved public reprimands under similar circumstances.