ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
This disciplinary proceeding arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Felicia Nicole Graham, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS
98-DB-050

Count I

In June 1995, Erica Williams retained respondent to handle her divorce. She paid respondent a $100 retainer, plus $200 for filing fees. On May 16, 1996, respondent filed the petition for divorce on behalf of her client. Thereafter, respondent performed no further work in the case, and did not communicate with her client. As a result, Ms. Williams filed a complaint with the ODC.

Count II

The ODC sent notice of Ms. Williams’ complaint to respondent. She failed to respond. The ODC then served respondent with a subpoena ordering her to appear in order to make a sworn statement. *830 Respondent failed to appear pursuant to the subpoena.
U99-DB-056
Jeffrey S. Brumfield retained respondent to represent him in connection with a personal injury case. The case eventually settled, and the settlement funds were disbursed in July 1998. Respondent withheld $667.90 from the settlement proceeds to pay a third-party health care provider, but failed to pay the provider until January 1999, causing her client to be subjected to numerous collection attempts.
00-DB-007
In June 1999, Willie Turner contacted respondent for the purpose of having her assume his representation in a civil suit that had been filed on his behalf by another attorney. Mr. Turner had his case file sent to respondent. Thereafter, he was unable to contact respondent, and he ultimately filed a complaint with the ODC.
The ODC sent notice of this complaint to respondent, but she failed to reply. It then issued a subpoena compelling her to appear and give a sworn statement. Respondent failed to appear pursuant to the subpoena.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed formal charges against respondent, alleging several violations of the Rules of Professional Conduct.
In 98-DB-050, the ODC alleged that in connection with her representation of Ms. Williams, respondent violated Rule 1.3, by failing to act with reasonable diligence and promptness, and Rule 1.4, by failing to keep her client reasonably informed about the status of a matter. The ODC further alleged respondent violated Rules 8.1(c) and 8.4(g) when she failed to cooperate with the ODC in its investigation of this matter. In 99-DB-056, the ODC alleged that respondent violated Rule 1.15(b) by failing to ^promptly deliver funds to a third-party health care provider. In 00-DB-007, the ODC alleged respondent again violated Rules 8.1(c) and 8.4(g) by failing to cooperate in the disciplinary investigation of the Turner complaint.
Respondent did not file an answer in 98-DB-050 or 99-DB-056.[1] Respondent filed an answer in 00-DB-007, contending she was suffering personal problems at the time of the investigation of the Turner complaint, and therefore was unable to respond to the complaint or subpoena. In light of respondent’s answer, a formal hearing was scheduled on these charges.

Recommendations of the Hearing Committees

[2]

,

98-DB-050
Because respondent failed to file an answer, the hearing committee found the charges against her in this matter were deemed admitted and proven by clear and convincing evidence, by operation of Supreme Court Rule XIX, § 11(E)(3). In imposing discipline, the committee recognized that the ODC suggested a public reprimand would be an appropriate sanction. However, the committee was disturbed by what it perceived to be contempt for the disciplinary process demonstrated by respondent. It reasoned that in light of this conduct, it was unlikely that a public *831 reprimand would have any effect on her. Therefore, the committee recommended that respondent be suspended for one year and one day (which would necessitate an application for reinstatement) and further recommended she be ordered to return the full amount of the retainer to Ms. Williams.
D99-DB-056
Respondent did not appear at the formal hearing in this matter. The ODC presented Mr. Brumfield as a witness. Mr. Brumfield testified that he received collection notices for his medical bill. When he informed respondent, she advised him it must be a mistake and that the medical bill was “taken care of.” Mr. Brumfield testified he continued to receive notices and again contacted respondent. At that time, respondent advised him she was looking into the matter. However, respondent did not pay the bill until after Mr. Brumfield sent her a certified letter on January 18, 1999.
The committee concluded Mr. Brumfield was very credible, and found his testimony established that respondent did not promptly deliver the funds to the third-party health care provider, in violation of Rule 1.15(b). In imposing discipline, the committee took notice of the recommendation of the hearing committee in 98-DB-050. As in that proceeding, the committee noted respondent’s failure to participate and concluded respondent placed “little value on her license to practice law.” Therefore, the committee recommended respondent be suspended from the practice of law for a period of one year and one day, with the suspension running concurrently with the suspension in 98-DB-050.
00-DB-007
The committee conducted a formal hearing in this matter, and respondent appeared at the hearing. Respondent stipulated that she violated the professional rules as charged by failing to respond to the ODC’s subpoena. In mitigation, respondent testified that she misunderstood the subpoena as only requesting production of documents, rather than a personal appearance. Respondent also stated she was suffering from personal and medical problems during that time.
Lin determining an appropriate sanction, the committee concluded the baseline discipline for respondent’s misconduct in this matter is a reprimand. As aggravating factors, the committee found prior disciplinary offenses, a pattern of misconduct, and multiple offenses, based on the charges in 98-DB-050 and 99-DB-056. It found no mitigating factors, observing there was no evidentiary support for respondent’s argument that her personal and medical problems prevented her from responding to the ODC’s requests.
As a sanction, the committee recommended respondent be suspended for a period of eighteen months, with the suspension running concurrently with those recommended by the other hearing committees. The committee also recommended the somewhat unusual condition that respondent be required to attend four separate disciplinary hearings in order to impress upon her the seriousness of the disciplinary process.

Disciplinary Board Recommendation

The disciplinary board considered all three charges together and issued a single recommendation,[3] finding the record sup *832 ports the hearing committees’ conclusions that respondent violated the ethical rules as charged. In determining the appropriateness of the sanction, the board looked to the four factors set forth in Supreme Court Rule XIX, § 10(C).[4] The board found respondent violated duties to her [ ^clients and the legal system. It determined that her actions were knowing and intentional, and caused actual harm to her clients. In particular, it noted Mr. Brum-field was harmed because respondent’s failure to pay the medical bill was reported to a credit agency, resulting in his receiving a negative credit rating. The board also observed respondent’s failure to cooperate in the disciplinary investigation burdened the disciplinary system as a whole.
Citing the ABA’s Standards for Imposing Lawyer Sanctions, the board found the baseline sanction for respondent’s misconduct is a suspension.[5] It also cited jurisprudence from this court in which suspensions were imposed under similar facts.[6]
As aggravating factors, the board recognized a pattern of misconduct, multiple offenses, and bad faith obstruction of the disciplinary proceeding.[7] It found no mitigating factors.
Considering all three matters together, the board recommended respondent be suspended from the practice of law for a period of one year and one day. It also recommended respondent be required to obtain five extra continuing legal education |7hours in ethics during the period of her suspension, and attend the Louisiana State Bar Association’s Ethics School.[8]
Neither respondent nor the ODC filed an objection in this court to the disciplinary board’s recommendation.
DISCUSSION
The record supports the determinations of the hearing committees that the formal charges against respondent were proven by clear and convincing evidence. There *833 fore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Clearly, the aspect of respondent’s conduct which most disturbed all three hearing committees in this case was her failure to cooperate in the disciplinary investigations. As this court observed in Louisiana State Bar Ass’n v. Jones, 555 So.2d 1375, 1380 (La.1990), “failure to cooperate in the investigation of alleged misconduct not only prejudices the administration of justice, but also prejudices the attorney’s position, inasmuch as many complaints are handled at the investigatory phase without formal proceedings.” This statement is particularly applicable to the [ ^instant case, where the complaints against respondent were relatively minor in nature and could have been quickly resolved if she had simply complied with her professional obligation to cooperate with the ODC in its investigation. Under these circumstances, a period of suspension is necessary to impress upon respondent the need to fulfill her duties under the Rules of Professional Conduct, both to her clients and to the disciplinary system.
As aggravating factors, we recognize a pattern of misconduct, multiple offenses, and bad faith obstruction of the disciplinary proceeding. We are unable to discern any mitigating factors from the record.
We conclude that a suspension from the practice of law for a period of one year and one day, together with the requirement that respondent take five additional continuing legal education hours in ethics and attend ethics school during her suspension, will adequately serve to protect the public, the legal system, and the profession.
DECREE
Upon review of the findings and recommendation of the hearing committees and the disciplinary board, and considering the record filed herein, it is ordered that Felicia Nicole Graham be suspended from the practice of law in the State of Louisiana for a period of one year and one day. It is further ordered that during her suspension, respondent obtain five additional hours of continuing legal education in the area of ethics and attend the Louisiana State Bar Association’s ethics school. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. After the time for answering had expired, respondent filed a letter addressing the charges in 99-DB-056. As a result, the hearing committee recalled the order deeming the charges admitted and scheduled a formal hearing. However, respondent failed to attend the hearing.

. The charges in this matter were considered by three separate hearing committees.

. 98-DB-050 and 99-DB-056 were initially consolidated before the disciplinary board, which issued its recommendation to this court. After the recommendation was filed, this court became aware of the charges in 00-DB-007. Therefore, the case was remanded to the disciplinary board to issue a single recommendation in all three matters.

. Supreme Court Rule XIX, § 10(C) sets forth the following factors for consideration in imposing sanctions:
(1) whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession;
(2) whether the lawyer acted intentionally, knowingly, or negligently;
(3) the amount of the actual or potential injury caused by the lawyer’s misconduct; and
(4) the existence of any aggravating or mitigating factors.

. The board cited Standard 4.42, which provides suspension is appropriate "when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client,” Standard 4.12, which provides for suspension "when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client,” and Standard 7.2, which provides for suspension "when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.”

. In re: Powers, 98-2826 (La. 1/29/99), 731 So.2d 185 (attorney who abandoned client's case suspended for one year and one day); and In re: Colwart, 98-2303 (La.11/6/98), 721 So.2d 848 (attorney suspended for six months for failing to communicate with his client, performing little or no legal services, failing to return an unearned fee, and failing to cooperate with the ODC).

. The board declined to find the aggravating factor of prior disciplinary offenses, as found by the hearing committee in 00-DB-007, noting that the charges in 98-DB-050 and 99-DB-056 could not be considered as prior offenses because these matters were not yet final.

. The board noted that the committee’s recommendation in 00-DB-007 that respondent attend four disciplinary hearings could be better accomplished by requiring her to obtain extra ethics hours.