JjPER CURIAM.
This disciplinary matter arises from six counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Frederick Lewis, Jr., an attorney licensed to practice law in Louisiana.
FORMAL CHARGES
On May 5, 1999, the ODC filed four counts of formal charges against respondent arising from complaints filed by Diana Geil and Deborah and Russell Jackson. On April 9, 2001, the ODC amended the charges to include two additional counts of. misconduct arising from complaints filed by Enola Bradford and Angela Taylor. The underlying facts are as follows:
Counts I and II — The Geil Matter
In September 1996, Diana Geil retained respondent to pursue a collection matter on her behalf. Ms. Geil allegedly informed respondent that time was of the essence and asked that suit be filed against the debtor as soon as possible because he was a flight risk. In October 1996, Ms. Geil paid respondent $275 to cover the costs of filing suit, but respondent failed to adhere to his client’s request to file suit immediately. In addition, respondent failed to *1062 respond to Ms. Geil’s efforts to |gretrieve her original documents.[1] Ms. Geil ultimately retained other counsel who filed suit on her behalf in February 1997. However, during the period that respondent was handling the file, the debtor allegedly moved from the Shreveport area, making it difficult to effect service of the lawsuit.
In February 1997, Ms. Geil filed a complaint against respondent with the ODC. The ODC forwarded a copy of the complaint to respondent by certified mail. Respondent failed to reply to the complaint. The ODC thereafter served respondent with a subpoena compelling him to appear on June 20, 1997 and answer the complaint under oath. Respondent filed a response to the complaint on June 19, 1997 but failed to appear for the scheduled deposition.

Counts III and IV— The Jackson Matter

In August 1994, Deborah and Russell Jackson retained respondent to represent them in a personal injury matter. In April 1996, respondent succeeded in obtaining a judgment on behalf of his clients and subsequently disbursed the monies to his clients. Respondent failed, however, to deposit client and third-party funds in a properly labeled trust account. He commingled and converted third-party funds, and failed to inform third parties that he had received their funds.
In May 1997, the Jacksons filed a complaint against respondent with the ODC. The ODC forwarded a copy of the complaint to respondent by certified mail. Respondent failed to reply to the complaint. The ODC thereafter served respondent with a subpoena compelling him to appear on July 16, 1997 and answer the complaint under oath. The ODC granted respondent’s request that the deposition be rescheduled for July 28, 1997. Respondent failed to appear on that date but he finally [.■¡submitted to a deposition on October 24, 1997, during which he agreed to provide his trust account records to the ODC. Respondent failed to produce his records and the ODC issued additional requests in November 1997 and January 1998. Shortly thereafter, the ODC issued a subpoena for respondent to appear at another deposition but the Caddo Parish sheriff was unable to serve respondent. Finally, respondent was personally served in March 1999 to appear before the ODC. At respondent’s request, the ODC agreed to postpone the deposition until April. Subsequently, respondent failed to appear and failed to produce his trust account records.
Count V — The Bradford Matter
Enola Bradford retained respondent to represent her in a personal injury matter. Respondent settled Ms. Bradford’s case and deposited the settlement funds into his operating account, rather than a properly labeled trust account. Respondent then forwarded Ms. Bradford a check for $1,038, representing her portion of the settlement. This check was returned for insufficient funds.
Count VI — The Taylor Matter
In February 1999, Angela Taylor paid respondent $1,115 to represent her in a divorce and custody matter. Respondent thereafter filed the petition for divorce and obtained an order awarding his client temporary sole custody of the children, child support and an income assignment. In August 1999, respondent was certified ineligible to practice law for failure to comply with his professional obligations.[2] Respon *1063 dent did not communicate to his client that he could no longer represent her 1¿and he apparently abandoned her case. Ms. Taylor was required to retain another attorney to respond to a rule for child custody that her husband filed.
Ms. Taylor filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
DISCIPLINARY PROCEEDINGS
In its formal charges, the ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f) (payment of fees in advance of services), 1.15 (safekeeping property of clients or third persons), 1.16(d) (termination of the representation), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation).
Respondent answered the original formal charges and denied any misconduct. Respondent did not file an answer to the amended formal charges.

Hearing Committee Recommendation

This matter proceeded to a formal hearing on the merits. Considering the evidence presented, the hearing committee found:
|i;l. As to Counts I and II, respondent failed to promptly file the petition as requested by Ms. Geil and failed to communicate with her despite her numerous attempts to reach him, including visits to his office. However, there is no clear and convincing evidence that respondent violated Rule 8.4(g) (failure to cooperate with the ODC in its investigation) when he failed to appear for a June 20, 1997 deposition scheduled in the Geil matter. The record reflects that respondent wrote a letter, which the ODC received on June 19, 1997, requesting that the deposition be rescheduled due to his inability to obtain transportation to Baton Rouge.
2. As to Counts III and IV, there is clear and convincing evidence that respondent violated Rule 1.15 when he failed to properly handle and safeguard funds he owed to third-party medical providers out of the Jackson personal injury matter. Although respondent withheld the funds, he failed to deposit the funds in a properly labeled trust account and failed to pay the medical providers. There is also clear and convincing evidence that respondent violated Rules 8.1 and 8.4(g) in failing to cooperate with the ODC’s investigative efforts. Respondent failed to appear at scheduled depositions and failed to provide documents and records that the ODC requested.
3. With respect to Count V, there is clear and convincing evidence that respondent violated Rule 1.15 when *1064 he failed to deposit the settlement check from the Bradford matter into a proper trust account and when he wrote his client a settlement check for which there were insufficient funds. As of the date of the committee’s report, respondent had yet to pay Ms. Bradford her share of the settlement, $1,033.
4. Regarding Count VI, the evidence indicates clearly and convincingly that respondent violated Rule 1.4 by failing to communicate with his client. | ^Respondent also clearly violated Rule 1.16 when he failed to withdraw from representing Ms. Taylor after he became ineligible to practice law and failed to surrender the client’s file to her. Further, respondent violated Rules 8.1 and 8.4 when he failed to cooperate with the ODC’s investigation.
Considering the ABA’s Standards for Imposing Lawyer Sanctions,[3] the committee concluded that the baseline sanction for respondent’s misconduct is a suspension from the practice of law.
The committee found the following aggravating factors in this case: prior disciplinary offenses,[4] pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with orders of the disciplinary agency, substantial experience in the practice of law (admitted 1985), and indifference to making restitution. The committee considered the following factors in mitigation: absence of a dishonest or selfish motive, personal or emotional problems, remorse, and remoteness of the prior offenses. The committee also commented that based on its review of respondent’s testimony and other evidence, they are of the belief that while respondent committed the violations knowingly, he did not commit them intentionally.
17Under these circumstances, the committee recommended that respondent be suspended from the practice of law for a period of two years and be required to make full restitution to his clients and third-party medical providers.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

The disciplinary board found the hearing committee’s findings of fact are supported by the evidence. With regard to the charge of failure to cooperate in Count VI, the board supplemented the findings as follows:
By letter dated November 3, 1999, the ODC initially requested that respondent file a response to Ms. Taylor’s complaint. The ODC sent another request to respondent on November 18, 1999. Because of respondent’s inaction, the ODC issued a subpoena requesting his appearance on February 8, 2000. On February 3, 2000, respondent informed the ODC that he was *1065 unable to appear on February 8, 2000. Then, on February 7, 2000, respondent sent the ODC a copy of his response to the complaint, which, he allegedly drafted on December 3, 1999. Respondent’s failure to promptly respond and cooperate caused at least a three-month delay in the investigation.
Based on the factual findings of the committee, as supplemented above, the board determined respondent violated the Rules of Professional Conduct as follows:
Counts I and II — The board found respondent failed to act diligently and failed to communicate with his client in the Geil collection matter, in violation of Rules 1.3 and 1.4. The board also agreed with the committee’s finding that the ODC failed to Dprove by clear and convincing evidence that respondent violated Rules 3.4(c) and 8.4(a)(g).
Counts III and IV — The board found respondent failed to pay third-party medical providers despite withholding the funds to do so, in violation of Rule 1.15(b). In addition, the board found that respondent violated Rules 8.4(a) and (b) because by converting funds due to third parties, he committed a criminal act that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer. Respondent violated Rule 8.4(c) when he represented to the Jacksons that he intended to pay their medical expenses from the settlement, but failed to do so. The board agreed with the committee’s finding that respondent’s failure to appear at depositions and failure to provide documents violated the Rules of Professional Conduct. Also, when respondent ignored the subpoenas issued by the ODC, he “knowingly disobeyed the rules of the tribunal” and violated Rule 3.4(c). By violating the foregoing rules, respondent violated Rule 8.4(a). The board declined to find a violation of Rule 8.4(d).
Count V — The board agreed that respondent violated Rule 1.15(a) when he deposited Ms. Bradford’s settlement check into his operating account instead of his trust account, thereby causing the check he issued to Ms. Bradford to be returned for insufficient funds. As of December 4, 2003, respondent still had not paid restitution to Ms. Bradford.
Count VI — The board agreed that respondent violated Rule 1.4 when he failed to inform Ms. Taylor that he was ineligible to practice law. Further, he violated Rule 1.16(d) when he failed to withdraw as counsel for Ms. Taylor after being certified ineligible to practice law. Ms. Taylor was unaware of respondent’s ineligible status and continued her attempts to contact him to handle her pending child custody case. | thereafter, respondent failed to cooperate with the ODC’s investigation, in violation of Rules 8.1(c) and 8.4(g).
The board concluded that respondent knowingly and intentionally violated duties owed to his clients and to the profession. The board further determined that respondent’s conduct caused significant actual harm to his clients and third-party medical providers. In addition, his failure to communicate with clients caused delays in their legal matters. Finally, respondent’s failure to cooperate with the ODC placed additional burden and expense on the disciplinary system. The baseline sanction for respondent’s conduct ranges from a lengthy suspension to disbarment.
The board concurred in the aggravating and mitigating factors cited by the hearing committee, with the exception of the mitigating factor of remoteness of prior disciplinary offenses. The board noted that respondent’s last admonition was imposed in 1995, and thus concluded that his prior offenses cannot be considered “remote.”
Considering the prior jurisprudence involving misconduct similar to respondent’s, the board found a three-year suspension is appropriate. See In re: Sabludowsky, 00- *1066 0891 (La.6/16/00), 761 So.2d 1288 (attorney given a three-year suspension for failure to pay a third-party medical provider from client settlement funds and failure to maintain an adequate balance in his trust account); In re: Graham, 02-2789 (La.1/31/03), 841 So.2d 707 (after considering the [Louisiana State Bar Ass’n v.] Hinrichs [486 So.2d 116 (La.1986) ] test, the court imposed a three-year suspension on an attorney who failed to remit funds to medical providers, converted the funds, and then failed to cooperate with the ODC); In re: Feazel, 01-2309 (La.11/9/01), 800 So.2d 771 (attorney who had a pattern of neglecting clients’ legal matters and failing to cooperate with the ODC received three-year suspension, with one year deferred, subject to supervised probation); and In re: Boudreau, 2000-3158 (La.1/5/01), 776 So.2d 428 (in consent discipline matter, attorney received a three-year suspension for failure to account for or return unearned fees, failure to communicate, neglect of client matters and failure to cooperate with ODC). In view of the mitigating circumstances present in this case, and considering that respondent has declined to accept new clients since these proceedings began in 1999, the board determined it is appropriate to defer one year of the three-year suspension.
Based on this reasoning, the board recommended that respondent be suspended from the practice of law for three years, with one year deferred. The board further recommended that respondent be ordered to make restitution to his clients and third-party medical providers and that he attend the Louisiana State Bar Association’s Ethics School. Finally, the board recommended that respondent be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is Inapplicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record supports the detailed factual findings of the hearing committee. Respondent has neglected his clients’ legal matters, failed to communicate with his clients, commingled and converted client and third-party funds, and failed to cooperate with the ODC in its investigation.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s conduct harmed his clients by delaying resolution of their legal mat *1067 ters and depriving them of their funds. Under similar facts, this court has imposed lengthy suspensions. See, e.g., In re: Powers, 99-2069 (La.9/24/99), 744 So.2d 1275 (three-year suspension imposed on attorney with a prior disciplinary record for similar misconduct who neglected three clients’ legal matters, failed to communicate with the clients, failed to account for and return unearned fees, and failed to cooperate with the ODC). Aggravating factors are present, such as a pattern of misconduct, respondent’s substantial experience in the practice of law, and his prior disciplinary record. However, we also recognize the presence of mitigating factors, including respondent’s personal and emotional problems at the time of the misconduct and his h ¿remorse for his actions. Accordingly, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for three years, with one year deferred.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Frederick Lewis, Jr., Louisiana Bar Roll number 17025, be suspended from the practice of law in Louisiana for a period of three years. It is further ordered that one year of this suspension shall be deferred. Respondent is ordered to make restitution of all monies owed to clients and third parties and to attend the Louisiana State Bar Association’s Ethics School. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Ms. Geil allegedly made several trips from her home in Texas to seek the return of her file materials and in some instances had to leave notes on respondent's door.

. Between August 1, 1999 and April 19, 2001, respondent was ineligible to practice law in Louisiana for failing to comply with the mandatory continuing legal education require *1063 ment. Between September 3, 1999 and April 19, 2001, respondent was ineligible for failing to pay his bar dues and the disciplinary assessment.

. Standard 4.12 provides that suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client. Standard 4.42 provides that suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or engages in a pattern of neglect and causes injury or potential injury to a client. Standard 7.2 provides that suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.

. Respondent was admonished on five occasions between 1990 and 1995; four of the admonitions were solely for failing to cooperate in disciplinary investigations. Respondent was admonished in 1995 for neglecting a legal matter, failing to communicate with a client, and failing to cooperate with the ODC.