PER CURIAM
| ^his disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Stacy Lynn Morris, an attorney licensed to practice law in Louisiana, but currently suspended from practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was originally admitted to the practice of law in Louisiana in 2000. In 2014, we suspended respondent from the practice of law for a period of three yéars for conduct occurring from 2004 through 2008. Her misconduct included neglect of á legal matter, failure to communicate with a client, commingling and conversion of client funds, sharing fees with a nonlawyer, and failure to cooperate with the ODC in its investigation. In re: Morris, 14-1067 (La. 10/15/14), 149 So.3d 229 (“Morris I").
Against this backdrop, we now turn to a consideration of thé misconduct at issue in the instant proceeding, which occurred long after the misconduct at issue in Morris I.[1]
| .UNDERLYING FACTS AND PROCEDURAL HISTORY
In July 2012, James Conant retained respondent to represent him in a personal injury matter stemming from an automobile accident. Following the accident, Mr. Conant sought medical treatment at Hardy Chiropractic Center (“HCC”). Respondent sent HCC a letter guaranteeing that payment for medical services would be withheld from any- future settlement.
Mr. Conant’s case settled in November 2013. Respondent disbursed the settlement funds to her client in December 2013, and although she withheld $2,161 for medical expenses, she did not pay this amount to HCC, in effect making Mr. Conant personally responsible for the charges. In March 2015, HCC filed a complaint against respondent with the ODC. The complaint was sent to respondent via certified mail at her bar registration address and three other addresses; however, she did not respond,
DISCIPLINARY PROCEEDINGS
In November 2015, the ODC filed one count of formal charges against respondent, alleging that her conduct violated Rules 1.15 (safekeeping property of clients or third persons) and 8.1(c) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct. Respondent answered the formal charges and denied any misconduct. Respondent also indicated that she never received notice of the original complaint.

Formal Hearing

The matter proceeded to a formal hearing, which was conducted by the hearing committee in March 2016. During the hearing, respondent stipulated to | sthe formal charges.[2] She testified that her failure *1066 to pay HOC was an oversight because the client had been paid and it was office procedure to disburse all funds at the same time. Respondent also testified that she did not receive any correspondence from HOC notifying her that funds were owed. Respondent admitted that she did not reconcile her trust account and did not know how to reconcile her trust account.
In mitigation, respondent . introduced medical documents and testified that she suffered from numerous medical conditions. Respondent also testified that she had to cope with the incarceration of her son and the death of her “God sister.”
■ Hearing Committee Report
After considering the record and the evidence presented at the hearing, the hearing committee adopted the factual allegations of the formal charges, as stipulated to by respondent, as its factual findings. The committee also made the following additional findings:
Respondent stated that she did not receive the initial complaint; however, she did file a general denial, which indicates that she had at least received notice of the formal charges.
HOC sent a series of letters to respondent indicating the amounts that were due; and so, even after being made aware that funds were owed, respondent failed to make payment.
The record shows that respondent suffers from numerous medical conditions, which appear to be controlled with medications; however, these health issues, as well as losing her “Gód sister,” do not excuse her actions.
|4Based on these findings, the committee determined respondent violated Rules 1.15, 8.1(c), and 1.15(f) (a lawyer shall subject all client trust accounts to a reconciliation process) of the Rules of Professional Conduct.
After considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the applicable, baseline sanction is disbarment. In aggravation, the committee found a prior disciplinary record. The committee found that no mitigating factors are present.
Considering the foregoing circumstances, the committee recommended respondent be disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.

Disciplinary Board Recommendation

After review, the. disciplinary board found that the hearing committee’s -factual findings are not manifestly erroneous. The board noted that respondent stipulated to the formal charges. The board also found that respondent violated the Rules of Professional Conduct as alleged in the formal charges. The board declined to find a violation of Rule 1.15(f), noting that this violation and the facts related to such a violation were not alleged in the formal charges. Moreover, at the time of the misconduct, the provision requiring quarterly reconciliations of a trust account had not yet been enacted.
The board determined respondent knowingly violated duties owed to her client and the legal profession. She had a duty to notify the client or third party of her receipt of funds belonging to them and to deliver those funds promptly. Respondent caused potential injury to her client, from whom the medical provider could seek payment. Respondent’s failure to cooperate ip the ODC’s investigation caused needless delay and expenditure of the ODC’s limit-' ed resources. After ^considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the applicable baseline sanction is suspension.
*1067 After further considering respondent’s misconduct in light of this court’s prior jurisprudence addressing similar misconduct, a majority of the board recommended respondent be suspended from the practice of law for three years, to run consecutively to her prior suspension in Morris I. The board also recommended respondent be required to make full restitution to Mr. Conant or HCC, as appropriate, and further recommended respondent be assessed with the costs and expenses of this matter. Two board-members dissented.
Neither respondent nor the ODC' filed an objection to the disciplinary board’s report and recommendation. ■
DISCUSSION
Bar disciplinary matters .fall within the original jurisdiction of. .this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing commit*-te.e and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La. 11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La. 3/11/94), 633 So.2d 150.
In this matter, respondent admitted that she failed to remit settlement funds to a third-party medical provider..In light of this admission, respondent has violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining Ra sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La. 1984).
Respondent knowingly violated duties owed to her client and the legal profession, causing potential and actual harm. The baseline sanction for this type of misconduct is suspension. The aggravating factor of a prior disciplinary record is supported by the record. There are no mitigating factors present.
. In recommending a sanction, the board relied upon the case of In re: Graham, 02-2789 (La. 1/31/03), 841 So.2d 707. In Graham, the court imposed a three-year suspension upon an attorney who failed to remit funds to third-party medical providers, converted those funds, and failed to cooperate with the ODC in its investigation. The attorney had not-provided restitution to the medical providers and no mitigating factors were present. In determining the appropriate sanction, the court cited Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La. 1986), which sets forth guidelines for imposing discipline in a conversion case:-
In a typical case of disbarment for violation of DR 9-102 [now Rule 1.15], one or more of-the following elements are usually present: the lawyer acts in bad faith and intends a result inconsistent with his client’s interest; the lawyer commits forgery or other fraudulent acts in connection with the violation; the magnitude or the duration of the deprivation is extensive;, the magnitude of the damage *1068 or risk of damage, expense and inconvenience caused the client is great; the lawyer either fails, to make full restitution or does so tardily after extended pressure of disciplinary or legal proceedings.
A three year suspension from practice typically results in cases involving similar but less aggravated factors. In such cases the lawyer is guilty of at least a high degree of |7negligence in causing his client’s funds to be withdrawn or retained in violation of the disciplinary rule. He usually does not commit other fraudulent acts in connection therewith. The attorney usually benefits from the infraction but, in contrast with disbarment cases, the client may not be greatly harmed or exposed to great risk of harm. The attorney fully reimburses or pays his client the funds due without the necessity of extensive disciplinary or legal proceedings.
A suspension from practice of eighteen months or two years will typically result where the facts are appropriate for a three-year suspension, except that there are significant mitigating circumstances; or where the facts are appropriate for a one-year suspension, except that there are significant aggravating circumstances.
A suspension from practice of one year or less will typically result where the negligence in withdrawing or retaining client funds is not gross or of a high degree. No other fraudulent acts are committed in connection with the violation of the disciplinary rule. There is no serious harm or threat of harm to the client. Full restitution is made promptly, usually before any legal proceeding or disciplinary complaint is made.
Hinrichs, 486 So.2d at 122-123 (citations omitted).
The record in this case supports a finding that respondent failed to pay the third-party medical provider and retained for her own use the funds she had received for that purpose. It appears from the record that these funds have not yet been repaid. The magnitude of the damage, risk, expense, and inconvenience to the client is not insignificant, however, there is no evidence of bad faith, fraud, or a dishonest motive. Given such facts, this case falls on the higher end of the Hinrichs range.
Considering the jurisprudence cited by the board, as well as the absence of any objection by the ODC to the disciplinary board’s report, we will accept the board’s recommendation and suspend respondent from the practice of law for three years, to run consecutively to her prior suspension in Morris I. We further order respondent to make full restitution of $2,161, plus legal interest, to Mr. Conant or HCC, as appropriate.
1 «DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Stacy L. Morris, Louisiana Bar Roll number 27018, be and she hereby is suspended from the practice of law for three years. This suspension shall run consecutively to the suspension imposed in In re: Morris, 14-1067 (La. 10/15/14), 149 So.3d 229. It is further ordered that respondent shall make restitution of $2,161, plus legal interest, to James Conant or Hardy Chiropractic Center, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
CRICHTON, J., dissents and assigns reasons.

. Given the timing of respondent’s new misconduct, the approach of Louisiana State Bar Ass'n v. Chatelain, 573 So.2d 470 (La. 1991), is not applicable to this matter. In Chatelain, the court held that when the underlying misconduct occurs within the same time period as the misconduct forming the basis of a previously imposed sanction, the discipline imposed in the subsequent proceeding should be determined as if both proceedings were before the court simultaneously.

. No formal written stipulation was presented by the parties; however, the transcript of the hearing reflects that respondent indeed stipulated to the formal charges.