*125 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| ]This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Lon E. Roberson, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
From 1997 through 2002, the Louisiana Medical Clinic (“Clinic”) provided medical care to twenty-two of respondent’s clients. In thirteen instances, respondent provided a written letter of guarantee to the Clinic, assuring that he would pay its medical bill upon settlement of the client’s case.
In March 2002, Timothy Sonnier, the owner of the Clinic, filed a disciplinary complaint alleging that respondent settled cases and did not remit payments to the Clinic as promised. As of April 2002, the Clinic had not received payments for medical treatment of respondent’s clients totaling $25,693.
In response to the complaint, the ODC requested settlement information from respondent on each of the clients Mr. Sonnier identified. Respondent submitted a partial response but did not provide any financial information. He informed the ODC that his client files were in disarray and that he was unable to determine the status of some of the matters listed in Mr. Sonnier’s complaint. Respondent averred that some matters were not yet settled and that some matters were completed with proper ^disbursement of funds. In other matters, respondent averred that he could not find the file or sufficient information.
With respect to four matters, respondent provided documentary evidence that these claims had been settled. However, in one matter, he produced no documentation that he disbursed the settlement funds. In another matter, he withheld money from the settlement to pay the Clinic and produced a copy of a check drawn on his business account payable to the Clinic, though he could not confirm the check was delivered to or negotiated by the Clinic. In the third matter, the settlement disbursement statement did not reflect that respondent withheld funds to pay the Clinic, and he produced no documentation that he disbursed the settlement funds. In the last matter, the settlement disbursement statement indicated that respondent withheld funds to pay the Clinic, *126 but he produced no documentation that he disbursed the settlement funds.
Following the filing of the disciplinary complaint, respondent simply paid Mr. Sonnier the total amount he requested, $24,702, from his administrative account. Respondent made these payments between June 2002 and January 2003.
DISCIPLINARY PROCEEDINGS
In 2008, the ODC filed one count of formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15(a) (safekeeping property of clients and third persons), 1.15(d) (failure to timely remit funds to a client or third person), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent answered the formal charges and denied any misconduct.
|sThis matter then proceeded to a formal hearing on the merits. During the hearing, respondent admitted that, in some cases, he did not timely remit funds to the Clinic. He also admitted to taking some of the funds due to the Clinic out of his trust account and placing them into his administrative account to pay for office expenses because he had “some financial problems in my office.” He acknowledged that this practice was improper. He estimated that he improperly used “several thousands of dollars” but stated that he replaced the funds in his trust account.

Hearing Committee Report

After considering the evidence and testimony presented at the hearing, the hearing committee made the following factual findings:
Respondent guaranteed payment for the medical services for the clients in question in Mr. Sonnier’s complaint. Respondent acknowledged that he did not keep the required financial records and could not determine the accuracy of Mr. Sonnier’s claims. Respondent resolved the outstanding debts to Mr. Sonnier’s satisfaction and put a new accounting arrangement into place. Respondent “may have” failed to remit funds to the Clinic, but the ODC did not prove there was a failure to remit funds or a failure to disburse settlement funds properly. Both respondent and Mr. Sonnier’s records are in such poor condition and the business arrangement so informal as to render proof of a failure to remit and proof of financial misdeeds virtually impossible. Further, respondent “may have” converted third-party funds to his own use and benefit. Respondent also failed to maintain records of receipts and disbursements on behalf of his clients and could not provide accountings for client and third-party funds. However, respondent did not act knowingly or intentionally; rather, he was “simply very unsophisticated in his record-keeping and disbursements.”
14Under these circumstances, the committee recommended that respondent be publicly reprimanded and be placed on supervised probation for twelve months with the following conditions: (1) he respond to all reasonable requests of his probation monitor with an emphasis on law office practice and finances and (2) he enroll in and attend one full day of Ethics School administered by the Louisiana State Bar Association (“LSBA”).
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation. However, in its brief to the disciplinary board, the ODC suggested that the committee’s “findings and conclusions are deficient, internally inconsistent, and at odds with the evidence adduced at the hearing.”

*127
Disciplinary Board Recommendation

After review, the disciplinary board determined that two of the hearing committee’s factual findings were clear and are not manifestly erroneous. First, respondent failed to properly maintain the financial records in his clients’ files. Second, respondent’s conduct was the result of negligence, rather than intentional and/or dishonest conduct. However, the committee’s findings that respondent “may have” failed to remit funds to a third party and “may have” converted funds are unclear. The board determined that, if these findings suggest that respondent did not fail to remit and did not convert funds, they are manifestly erroneous. The board agreed with the committee that there is little direct evidence that respondent converted funds owed to the Clinic. However, the board determined that there is ample circumstantial evidence that respondent failed to remit funds owed to the Clinic and converted client and/or third-party funds to his own use.
| sBased on these findings, the board found that respondent violated Rules 1.15(a) and 1.15(d) of the Rules of Professional Conduct. The board determined that respondent knowingly and negligently violated duties owed to his clients by failing to properly maintain their records and by failing to pay their medical bills. None of respondent’s clients were harmed, but there was the potential for harm to his clients. Respondent caused a moderate amount of actual harm to the Clinic but made full restitution in a relatively short period of time. His failure to pay the Clinic was the result of negligence and poor office management. Relying on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that suspension is the baseline sanction.
In aggravation, the board found only substantial experience in the practice of law (admitted 1978). The board found the following mitigating factors present: absence of a prior disciplinary record, absence of a dishonest or selfish motive, timely good faith effort to make restitution, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and delay in the disciplinary proceedings.
After considering this court’s prior jurisprudence and determining that respondent’s conduct appears to be the result of poor office management rather than a selfish or dishonest motive, the board recommended that respondent be suspended from the practice of law for three months. The board also recommended that the suspension be fully deferred, subject to two years of probation with the following conditions:
1) Respondent shall maintain his trust account in accordance with the Rules of Professional Conduct;
R2) Respondent shall retain, at his expense, a CPA to audit his trust and operating accounts on a semi-annual basis and direct the CPA to provide a semi-annual report to the ODC;
3) Respondent shall attend the LSBA’s Ethics School and Trust Accounting School during the period of probation; and
4) Any violation of these conditions or other misconduct during the probationary period shall be grounds for making the deferred suspension executory.
Although neither respondent nor the ODC filed an objection to the board’s recommendation, on November 18, 2009, we ordered briefing addressing the issue of an appropriate sanction. Both parties filed briefs in response to the court’s order.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. *128 Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record reflects that respondent failed to keep complete financial records of the cases he handled, commingled client and third-party funds with his own funds, failed to timely remit funds due to a third-party medical provider, and converted client |7and third-party funds to his own use. Accordingly, respondent violated Rules 1.15(a) and 1.15(d) of the Rules of Professional Conduct.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent negligently failed to timely remit funds to the medical provider but knowingly converted client and third-party funds when he used trust account funds to pay for office expenses. He violated duties owed to his clients, the public, and the legal profession. His conduct caused actual harm to the medical provider and potential hai'm to his clients. The ABA’s Standards for Imposing Lawyer Sanctions establishes suspension as the baseline sanction.
The record supports the aggravating and mitigating factors found by the disciplinary board. Notably, respondent has no prior disciplinary record and promptly made restitution to the medical provider. Furthermore, it appears that respondent’s conduct was largely caused by poor law office management rather than a dishonest or selfish motive.
Nevertheless, considering the circumstances of respondent’s misconduct, in particular his knowing conversion of client and third-party funds to pay his office expenses, we find that a fully deferred suspension is too lenient. Accordingly, we lijwill suspend respondent from the practice of law for one year and one day, with all but three months deferred, followed by a two-year period of supervised probation governed by the conditions recommended by the disciplinary board. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that Lon E. Roberson, Louisiana Bar Roll number 11308, be and he hereby is suspended from the practice of *129 law for a period of one year and one day. AH but three months of this suspension shall be deferred, subject to respondent’s successful completion of a two-year period of supervised probation governed by the conditions enumerated by the disciplinary board. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
JOHNSON, J., dissents.