*1025 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
| ,This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Sheridan X. Cooper, an attorney licensed to practice law in Louisiana.
FORMAL CHARGES
Respondent represented two clients in a personal injury matter arising out of an automobile accident. In December 2007, respondent referred the clients to Dr. George Van Wormer for treatment of their injuries, and she provided him with letters guaranteeing payment of the medical expenses upon settlement of the pending claims. Nevertheless, upon receiving the clients’ settlement funds in the summer of 2008, respondent failed to promptly pay the medical expenses to Dr. Van Wormer, totaling $6,400. Respondent also failed to maintain the funds due to Dr. Van Wormer in a client trust account, and instead commingled those funds with her personal funds.[1] Respondent thereafter made various promises of 12payment to Dr. Van Wormer, but as of April 2010, he had not received any of the sums due him.
DISCIPLINARY PROCEEDINGS
In August 2010, the ODC filed one count of formal charges against respondent, alleging that her conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15(a) (safekeeping property of clients or third persons), 1.15(d) (failure to timely remit funds to a client or third person), 1.15(g) (failure to create and maintain a client trust account), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee adopted the deemed admitted factual allegations of the formal charges as its factual findings. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as charged.
The committee further determined that respondent violated duties owed to her clients, the public, and the profession, and that she acted knowingly and intentionally. Her conduct has caused and continues to cause actual injury to Dr, RVan Wormer, who has been deprived of a significant amount of money for a period of nearly three years.[2]
*1026 In mitigation, the committee recognized that respondent has no prior disciplinary record and that she was inexperienced in the practice of law at the time of her misconduct (admitted 2005). The committee also noted that respondent has expressed a desire to pay restitution, but that her continuing failure to do so constitutes the aggravating factor of indifference to making restitution.
In determining an appropriate sanction, the committee looked to Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La. 1986), which sets forth general guidelines for evaluating disciplinary cases involving conversion and commingling of funds entrusted to a lawyer. The committee observed that respondent had not displayed the degree of bad faith for which disbarment is typically reserved under Hinrichs, but that her continuing failure to pay a third-party medical provider places the baseline sanction in the range of a three-year suspension.
Considering Hinrichs, the prior jurisprudence of this court discussing similar misconduct, and the aggravating and mitigating circumstances, the committee found that a downward deviation from the baseline is warranted in this matter. Accordingly, the committee recommended that respondent be suspended from the practice of law for eighteen months. The committee also recommended that respondent be required to make full restitution to Dr. Van Wormer.
Neither respondent nor the ODC filed an objection to the hearing committee’s report. However, in its brief submitted to the disciplinary board, the ODC asserted that the eighteen-month suspension recommended by the committee “should be revised upward to a two year suspension.”

\ADisciplinary Board Recommendation

After review, the disciplinary board determined the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence. Based on the deemed admitted facts, the board determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board further determined respondent violated duties owed to her clients and the profession. Respondent knowingly converted $6,400 owed to a third-party medical provider and for three years has intentionally failed to remit the funds to the provider, causing actual injury. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction is disbarment.
In aggravation, the board found that respondent is indifferent to making restitution to Dr. Van Wormer. The board found the following mitigating factors are applicable: absence of a prior disciplinary record and inexperience in the practice of law.
Turning to the issue of an appropriate sanction, the board noted that in prior cases involving the commingling or conversion of funds owed to a third party, this court has imposed suspensions in the range of thirteen months, fully deferred, to three years, with no portion deferred. In light of these cases, the board determined that a two-year suspension is warranted for respondent’s failure to pay Dr. Van Wormer the $6,400 he is owed. Respondent has withheld these funds for nearly three years, and she has made no efforts at restitution other than promising to pay.
Under the circumstances, and considering the aggravating and mitigating factors present, the board recommended that re *1027 spondent be suspended from the practice of law for two years. The board also recommended that respondent be required to make full restitution to Dr. Van Worm-er, and that she be assessed with the costs and expenses of this proceeding.
|fiNeither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent commingled client and third-party funds with her personal funds and failed to timely pay $6,400 owed to her clients’ medical provider. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the | (¡profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), we set forth guidelines for imposing discipline in a conversion case:
In a typical case of disbarment for violation of DR 9-102 [now Rule 1.15], one or more of the following elements are usually present: the lawyer acts in bad faith and intends a result inconsistent with his client’s interest; the lawyer commits forgery or other fraudulent acts in connection with the violation; the magnitude or the duration of the deprivation is extensive; the magnitude of the damage or risk of damage, expense and inconvenience caused the client is great; the lawyer either fails to make full restitution or does so tardily after extended pressure of disciplinary or legal proceedings.
A three year suspension from practice typically results in cases involving similar but less aggravated factors. In such cases the lawyer is guilty of at least a high degree of negligence in causing his client’s funds to be withdrawn or retained in violation of the disciplinary rule. He usually does not commit other fraudulent acts in connection therewith.
*1028 The attorney usually benefits from the infraction but, in contrast with disbarment cases, the client may not be greatly harmed or exposed to great risk of harm. The attorney fully reimburses or pays his client the funds due without the necessity of extensive disciplinary or legal proceedings.
A suspension from practice of eighteen months or two years will typically result where the facts are appropriate for a three-year suspension, except that there are significant mitigating circumstances; or where the facts are appropriate for a one-year suspension, except that there are significant aggravating circumstances.
A suspension from practice of one year or less will typically result where the negligence in withdrawing or retaining client funds is not gross or of a high degree. No other fraudulent acts are committed in connection with the violation of the disciplinary rule. There is no serious harm or threat of harm to the client. Full restitution is |7made promptly, usually before any legal proceeding or disciplinary complaint is made.
Hinrichs, 486 So.2d at 122-123 (citations omitted).
The deemed admitted facts in this case establish that respondent received settlement funds on behalf of two clients in the summer of 2008. She deposited these funds into her personal checking account because she did not have a client trust account. Thereafter, she disbursed her clients’ portion of the funds to them and withdrew from her account in cash the sum of $6,400 owed to the clients’ medical provider, Dr. Van Wormer. As of May 2011, Dr. Van Wormer’s bill has not been paid.
Given these facts, we find this case falls on the higher end of the Hinrichs range, i.e., disbarment or a three-year suspension. Nevertheless, considering that there are substantial mitigating factors present, as compared to a single aggravating factor, we agree with the board that a downward deviation to a two-year suspension is appropriate.
Accordingly, we will accept the recommendation of the disciplinary board and suspend respondent from the practice of law for two years. We will also order respondent to pay full restitution to Dr. Van Wormer.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Sheridan X. Cooper, Louisiana Bar Roll number 30184, be and she hereby is suspended from the practice of law for a period of two years. It is further ordered that respondent shall pay restitution to Dr. George Van Wormer in the amount of $6,400 plus legal interest. All costs and expenses in the matter are assessed against respondent in | ^accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. Respondent admitted in her sworn statement that she did not actually have a client trust account in 2008. Rather, she deposited the settlement checks into her personal checking account, disbursed the settlement funds due to her clients, and withdrew the $6,400 due to Dr. Van Wormer in cash. Respondent testified that she intended to open a trust account with the cash, and in turn write a check to Dr. Van Wormer drawn on that account; however, she was unable to do so before she was forced to evacuate New Orleans ahead of Hurricane Gustav. Respondent further claims that she took the cash with her when she left the city and that the money was either lost or stolen by a family member during the evacuation.

. In its deemed admitted submission on sanctions, the ODC noted that in May 2011, Dr. *1026 Van Wormer confirmed that he had still not received any payments from respondent.