*844 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Gary P. Duplechain, an attorney licensed to practice law in Louisiana.
FORMAL CHARGES
Respondent operated a real estate title company under the name GPD Title, LLC (“GPD Title”) from January 2005 until August 2010. Between January 2006 and June 2010, GPD Title acted as an agent for Commonwealth Land Title Insurance Company (“Commonwealth”). Under that agency relationship, GPD Title closed real estate transactions, collected title insurance premiums in connection with the closings, and remitted 20% of the collected premiums to Commonwealth. On June 3, 2010, a routine audit of GPD Title by Commonwealth revealed a shortage of approximately $5,000 in GPD Title’s escrow account. Respondent subsequently admitted that he used funds from the escrow account to pay $1,963 in abstract costs for a closing which had not yet been funded and that he paid his employee’s salaries using $1,050 drawn oh the account in July 2009, and $2,000 drawn on the account in March 2010.
*845 |,DISCIPLINARY PROCEEDINGS
In June 2012, the ODC filed formal charges against respondent, alleging that his conduct, as set forth above, violated the following provisions of the Rules of Professional Conduct: Rules 1.15 (safekeeping property of clients or third persons), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(8). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee made factual findings consistent with the factual allegations set forth above. The committee also found that respondent has not paid restitution, although he indicated that he was in the process of resolving the unpaid escrow balance funds.[1] Based on these findings, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee further determined that respondent intentionally converted client funds, causing injury by depriving the client of those funds. Citing the |3ABA’s Standards for Imposing Lawyer Sanctions, as well as this court’s prior jurisprudence involving conversion of client funds, the committee determined that the baseline sanction ranges from suspension to disbarment.[2]
The sole aggravating factor recognized by the committee is indifference to making restitution. In mitigation, the committee recognized the absence of a prior disciplinary record. The committee also noted:
He was both open and honest with regard to admissions of guilt and his declining to [oppose] the formal charges against him. Finally, the Respondent did point out in his statements that he used approximately $8,000.00 of the converted funds not for his own personal use but to pay salaries of his employees who were in necessitous circumstances.
Based on this court’s prior jurisprudence involving similar misconduct, the ABA Standards, and the facts of this case, the committee recommended that respondent be suspended from the practice of law for three years.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record, the disciplinary board determined that the hearing committee’s factual findings are supported by the factual allegations in the formal *846 charges, which were deemed admitted, and/or by the evidence submitted in support of the allegations. The board also determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board further determined that respondent violated duties owed to his client and the legal profession. He knowingly failed to remit title insurance premiums owed to his former client, Commonwealth, and used those funds to pay |4employee salaries and abstract costs for a closing which had not yet been funded. To date, respondent has not returned these funds to Commonwealth, causing actual harm by depriving the company of approximately $5,000. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is disbarment.
The board found the following aggravating factors present: indifference to making restitution and substantial experience in the practice of law (admitted 1979). The board found the following mitigating factors present: absence of a prior disciplinary record and full and free disclosure to the disciplinary board and a cooperative attitude toward the proceeding.
Turning to the issue of an appropriate sanction, the board found that the instant matter is most similar to In re: Graham, 02-2789 (La.1/31/03), 841 So.2d 707, wherein the court imposed a three-year suspension upon an attorney who failed to remit funds to third-party medical providers, converted those funds, and failed to cooperate with the ODC in its investigation. The attorney had not provided restitution to the medical providers and no mitigating factors were present.[3]
Considering the totality of the circumstances, as well as the jurisprudence of the court, the board recommended that respondent be suspended from the practice of law for three years. The board also recommended that respondent be ordered to 15pay the full amount of restitution owed to Commonwealth, and that he be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, *847 § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent used his client’s funds to pay his business operating expenses, including employee salaries as well as the abstract and title search fees associated with another client’s real estate venture. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.
| fiHaving found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987).
In Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), we set forth guidelines for imposing discipline in a conversion case:
In a typical case of disbarment for violation of DR 9-102 [now Rule 1.15], one or more of the following elements are usually present: the lawyer acts in bad faith and intends a result inconsistent with his client’s interest; the lawyer commits forgery or other fraudulent acts in connection with the violation; the magnitude or the duration of the deprivation is extensive; the magnitude of the damage or risk of damage, expense and inconvenience caused the client is great; the lawyer either fails to make full restitution or does so tardily after extended pressure of disciplinary or legal proceedings.
A three year suspension from practice typically results in cases involving similar but less aggravated factors. In such cases the lawyer is guilty of at least a high degree of negligence in causing his client’s funds to be withdrawn or retained in violation of the disciplinary rule. He usually does not commit other fraudulent acts in connection therewith. The attorney usually benefits from the infraction but, in contrast with disbarment cases, the client may not be greatly harmed or exposed to great risk of harm. The attorney fully reimburses or pays his client the funds due without the necessity of extensive disciplinary or legal proceedings.
A suspension from practice of eighteen months or two years will typically result where the facts are appropriate for a three-year suspension, except that there are significant mitigating circumstances; or where the facts are appropriate for a one-year suspension, except that there are significant aggravating circumstances.
A suspension from practice of one year or less will typically result where the negligence in withdrawing or retaining client funds is not gross or of a high degree. No other fraudulent acts are committed in connection with the violation of the disciplinary rule. There is no serious |7harm or threat of harm to the client. Full restitution is made prompt *848 ly, usually before any legal proceeding or disciplinary complaint is made.
Hinrichs, 486 So.2d at 122-123 (citations omitted).
The deemed admitted facts in this case establish that respondent used approximately $5,000 from his title company’s escrow account to pay his business operating expenses. Respondent has not made restitution to Commonwealth for the converted funds. Given these facts, this case falls on the higher end of the Hinrichs range, i.e., disbarment or a three-year suspension. Based on the jurisprudence and the circumstances of this case, we agree with the committee and the board that a three-year suspension is appropriate.
Accordingly, we will accept the disciplinary board’s recommendation and suspend respondent from the practice of law for three years.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Gary P. Duple-chain, Louisiana Bar Roll number 5201, be and he hereby is suspended from the practice of law for three years. It is further ordered that respondent shall pay restitution to Commonwealth Land Title Insurance Company in the amount of $5,013 plus legal interest. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In December 2011, the ODC took respondent’s sworn statement, at which time he stated, "I'm still trying to resolve the issue of repaying [Commonwealth] back the money but I have not been able to do so at this time.”

. See Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), which sets forth general guidelines for evaluating disciplinary cases involving conversion and commingling of funds entrusted to a lawyer.

. The board also cited In re: Roberson, 09-1741 (La. 1/8/10), 26 So.3d 124, wherein the court imposed a one year and one day suspension, with all but three months deferred, subject to a two-year period of probation with conditions, upon an attorney who negligently failed to timely remit funds to a third-party medical provider and knowingly converted client and third-party funds when he used trust account funds to pay for office expenses. The attorney made full restitution shortly after the complaint was filed and several mitigating factors were present. The board further cited In re: Cooper, 12-0599 (La.6/15/12), 90 So.3d 1023, wherein the court imposed a two-year suspension upon an attorney who commingled client and third-party funds with her personal funds and failed to timely pay $6,400 owed to her clients’ medical provider. In aggravation, the court found that the attorney was indifferent to making restitution. In mitigation, the court considered her absence of a disciplinary record and inexperience in the practice of law.